IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LENA AJAY,                                    Civ. No. 06-6241-AA

      Plaintiff,                        OPINION AND ORDER

    v.

ALBERTO GONZALEZ, U.S.
Attorney General, MICHAEL
CHERTHOFF, Secretary of
Department of Homeland
Security, EDUARDO AGUIRRE,
Director, U.S. Citizenship
and Immigration Services,
WILLIAM MCNAMEE, Director
of Portland, Oregon District
Office of U.S. Citizenship
and Immigration Services

      Defendants.
_____

Raquel E. Hecht
HECHT & NORMAN, LLP
329 E. 8th Avenue
Eugene, Oregon 97401
    Attorney for plaintiff

Karin J. Immergut
Kenneth C. Bauman
United States Attorney's Office
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
    Attorneys for defendants

1    - OPINION AND ORDER

AIKEN, Judge:

In February 2007, plaintiff filed suit seeking a *de novo* hearing on her application for naturalization pursuant to 8 U.S.C. § 1421(c), and a declaration that she is *prima facie* eligible to naturalize.  Plaintiff also seeks attorneys' fees and costs under the Equal Access to Justice Act.

Defendants move for dismissal, arguing that the court lacks jurisdiction to conduct a *de novo* review of her application for naturalization, because plaintiff is in removal proceedings.  For the same reason, defendants also assert that this court lacks authority to declare plaintiff *prima facie* eligible for naturalization.

## FACTUAL BACKGROUND

Plaintiff claims that the defendants, all sued in their official capacities, improperly denied her application for naturalization.

As alleged in her complaint, plaintiff, Lena Ajay, is a citizen of Great Britain who resides in Eugene, Oregon and was admitted as a lawful permanent resident of the United States on July 9, 1998.  In February 2001, plaintiff received an Alien Registration Card reflecting her status as a legal resident.

In 2004, plaintiff went to the United States Citizenship and Immigration Service (USCIS) office to update her last name to that of her current husband.  At that time, she was told she could

travel abroad on her H-4 nonimmigration visa and that she should contact the USCIS office after her return to discuss her legal residence status.

In March 2005, plaintiff again contacted the USCIS office, and a supervisor confirmed that plaintiff was a lawful permanent resident and stamped plaintiff's passport with proof of her status. Additionally, the supervisor crossed out plaintiff's H-4 nonimmigrant visa and wrote "ADJ" to signify that her status was adjusted to permanent residence.

On March 21, plaintiff alleges that she applied for naturalization after she resolved all ambiguities regarding her lawful permanent resident status. She appeared for an interview with an immigration officer and successfully passed the civics and English language examination on July 25, 2006.

In a letter dated July 31, 2006, defendant McNamee notified plaintiff that her application for naturalization was denied, citing: (1) Lack of Continuous Residence in the United States under 8 C.F.R. § 316.5 and (2) No Lawful Admission for Permanent Residency under 8 C.F.R. § 316.2.

On July 31, 2006 plaintiff timely appealed the denial of her naturalization petition by requesting an administrative hearing pursuant to 8 U.S.C. §1447.

On August 8, 2006 USCIS initiated removal proceedings against plaintiff by filing a Notice to Appear with the Immigration Court.

In a letter dated August 31, 2006, defendant McNamee denied plaintiff's administrative appeal because plaintiff was in removal proceedings, citing <u>Bellajaro v. Schiltgen</u>, 378 F.3d 1042 (9th Cir. 2004).

Plaintiff argues that she meets the criteria for naturalization, because she has continually resided in the United States since February 2001. Plaintiff also alleges that she is and always has been a person of good moral character.

### DISCUSSION

Plaintiff seeks *de novo* review of the denial of her petition for naturalization pursuant to 8 U.S.C. § 1421(c), which grants district courts the authority to conduct *de novo* review of naturalization decisions. Plaintiff also requests that this court declare her *prima facie* eligible for naturalization.

Defendants argue that the court's jurisdiction is limited to review of the final decision of the USCIS, which was the denial of plaintiff's appeal based on the pendency of removal proceedings under 8 U.S.C. § 1429. Defendants argue that the denial of plaintiff's appeal was mandated by § 1429 and therefore it must be affirmed under <u>Bellajaro</u>. For the same reason, defendants also maintain that this courts lacks authority to make a *prima facie* determination of eligibility for naturalization under <u>Bellajaro</u> and <u>Le v. McNamee</u>, Cir. No. 06-49-BR (D. Or. Oct, 20, 2006).

It is undisputed that Congress intended district courts to

exercise judicial review over final naturalization decisions pursuant to 8 U.S.C. § 1421(c). That statute provides:

> [a] person whose application for naturalization under this title is denied . . . may seek review of such denial before the United States district court . . . . Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c). Thus, district courts have jurisdiction over the final denial of a naturalization application.

In 1990, Congress amended 8 U.S.C. § 1429 to prohibit the Attorney General from considering the naturalization application of an alien against whom there is pending a deportation proceeding. See 8 U.S.C. § 1429 ("No application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding. . . .").

After this amendment, questions arose concerning the scope of judicial review of naturalization decisions. In several cases, the government unsuccessfully argued that the amendments to § 1429 completely divested the district courts of any review over naturalization decisions. See Bellajaro, 378 F.3d at 1046; Ngwana v. Attorney General of the United States, 40 F. Supp. 2d 319 (D. Md. 1999); Grewal v. Ashcroft, 301 F. Supp. 2d 692 (D. Ohio 2004). However, the vast majority of courts, including the Ninth Circuit, have concluded that § 1429 does not preclude judicial review over naturalization decisions. Bellajaro, 378 F.3d at 1046; Ngwana, 40

F. Supp. 2d at 321-22, <u>Grewal</u>, 301 F. Supp. 2d at 696; <u>Saad v. Barrows</u>, 2004 U.S. Dist. LEXIS 11085, at *17 (D. Tex. 2004); <u>Zayed v. United States</u>, 368 F.3d 902, 906 (6th Cir. 2004).

At the same time, the <u>Bellajaro</u> court also found that when the denial of naturalization is based on the pendency of removal proceedings under § 1429, "judicial review is limited to that determination." <u>Bellajaro</u>, 378 F.3d. at 1047.  In that case, the plaintiff filed an application for naturalization after removal proceedings had commenced, and the application was denied on that basis.  <u>Bellajaro</u>, 378 F.3d at 1046.  The Ninth Circuit explained that because "the scope of review extends only to the determination that was actually made by the agency," the district court's review is limited to the reason for "such" denial, i.e. the pendency of removal proceedings.  <u>Id</u>. at 1043, 1046.

Thus, when an application for naturalization is denied under § 1429 because of pending removal proceedings, the district court cannot review the merits of the application because "such" denial is not based on the merits.  Therefore, "where the [government] has denied an application for naturalization on the ground that removal proceedings are pending, . . . the district court's de novo review is limited to review of that threshold determination."  <u>Id</u>. at 1046-47 (citing <u>Zayed</u>, 368 F.3d at 906).  Thus, under such circumstances, the district court can only review whether or not an applicant was in removal proceedings at the time of the appeal.

Plaintiff argues that defendants incorrectly relied on _Bellajaro_ in denying her appeal. Plaintiff maintains that _Bellajaro_ is distinguishable, because the petitioner there was in removal proceedings before he filed his application for naturalization. In contrast, plaintiff argues that she filed her application for naturalization before she was in removal proceedings. Therefore, plaintiff argues that the holding in _Bellajaro_ is inapplicable to her. I disagree and find that _Bellajaro_ applies.

Under _Bellajaro_, this court's review is limited to the last decision made by the agency, i.e., the threshold issue of whether the pendency of removal proceedings against plaintiff required defendants to deny her application. _Bellajaro_, 378 F.3d at 1046-47. Plaintiff does not dispute that she was in removal proceedings when McNamee denied her administrative appeal: on August 8, 2006 USCIS initiated removal proceedings against plaintiff, and on August 31, 2006, McNamee denied plaintiff's administrative appeal because plaintiff was in removal proceedings.

Whether or not plaintiff was in removal proceedings at the time she filed her initial application for naturalization is irrelevant. Rather, under _Bellajaro_ the court must look to the reason for defendants' denial of her application. Here, defendants denied her application because plaintiff was in removal proceedings. As such, her case is similar to _Bellajaro_, and this

court is bound by that ruling.

Plaintiff's reliance on <u>Grewal</u>, <u>Ngwana</u>, <u>Saad</u>, <u>Gatcliffe v. Reno</u>, 23 F. Supp. 2d 581 (D.V.I. 1998), and <u>Ibrahim v. Dept. of Homeland Sec.</u>, 2005 U.S. Dist. LEXIS 40578 (S.D. Tex. 2005) is not persuasive. In those cases, the agency's ultimate denial of the plaintiffs' naturalization applications were based on their merits rather than on the pendency of removal proceedings. Therefore, the district court's jurisdiction over "such denials" under § 1421(c) allowed review of the naturalization application. In contrast, plaintiff's application was denied based on the pendency of her removal proceedings. Accordingly, this court's jurisdiction is limited to that decision.

In addition to asking this court to conduct a *de novo* review of her application for naturalization, plaintiff requests that this court find her *prima facie* eligible for naturalization. However,

> [when] the [USCIS] has denied an application for naturalization on the basis of § 1429 because removal proceedings are pending, the district courts have jurisdiction to review the denial but the scope of review is limited to "such" denial.

<u>Le</u>, CV 06-49-BR, p. 4 (citing <u>Bellajaro</u>, 378 F.3d at 1046-47). Thus, when denial is based the pendency of removal proceedings under § 1429, "the Court may not consider the merits of Plaintiff's Application for Naturalization <u>nor determine whether plaintiff is either entitled to or eligible for naturalization</u>." <u>Id</u>. (emphasis added).

Just as this court may not consider the merits of plaintiff's application for naturalization, this court may not determine whether plaintiff is either entitled to or eligible for naturalization. Accordingly, I lack jurisdiction under § 1421(c) to declare whether plaintiff is *prima facie* eligible for naturalization.

### CONCLUSION

For the reasons set forth above, defendants' Motion to Dismiss (doc. 12) is GRANTED. This action is DISMISSED.

IT IS SO ORDERED.

Dated this 30th day of April, 2007.

_____
                Ann Aiken
        United States District Judge

9    - OPINION AND ORDER